CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 20 2009

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DESMOND JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:09-cv-00055 |
| ) | |
| MS. VONDER-VANDER, ) | |
| ) By: | Hon. Michael F. Urbanski |
| Defendant. ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the court on motion by defendant, Dana Vandevander,[1] for summary judgment. (Dkt. # 31.) Plaintiff, Desmond Jones, filed suit under 42 U.S.C.A. § 1983 claiming that Vandevander was deliberately indifferent to his serious medical problems while Jones was incarcerated at Cold Springs Work Center ("CSWC"). Jones has responded (Dkt. # 34), and the matter is ripe for disposition.

As set forth below, there is no genuine issue of material fact and the undersigned recommends that Vandevander's motion for summer judgment be **GRANTED** in part, **DENIED** as moot in part, and that Jones' claims be **DISMISSED**. Additionally, Jones has filed two documents complaining of alleged on-going inadequacies in his medical care. (Dkt. #s 35, 37.) These documents are construed as Motions to Amend and the undersigned recommends that they be **DENIED**.

I.

Jones filed suit against Vandevander and T. Perry on February 25, 2009 claiming that defendants were deliberately indifferent to alleged hemorrhoids. (Dkt. # 1.) He further

---

[1]Plaintiff named "Ms. Vonder-Vander" as defendant in this action. The undersigned will refer to defendant by the correct spelling of her name, Dana Vandevander, throughout this opinion.

complained that because he was not given adequate medical care, Jones did not take part in a work detail. As a result of his failure to take part in the work detail, Jones was disciplined and then transferred within the prison system. Jones alleges that this is illegal retaliation. Prior to receiving a responsive pleading, Jones filed an Amended Complaint on April 27, 2009. (Dkt. #9.) The Amended Complaint sets forth essentially the same claims against Vandevander. Jones seeks $500,000 in punitive damages and injunctive relief in order to receive medical care. Jones voluntarily dismissed his claims against T. Perry. (Dkt. #s 28, 29.)

Most recently, Jones recently filed two documents seeking assistance from the court in receiving medical attention. (Dkt. #s 35, 37.) The court construes these filings as Motions to Amend. "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading. . . ." Federal Rule of Civil Procedure 15(a)(1). However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Federal Rule of Civil Procedure 15(a)(2). Jones has not sought Vandevander's permission nor has he sought leave of the court to further amend his Complaint. Moreover, these additional claims come after the defendant has filed for summary judgment. They seek relief based on events that happened after Jones left nurse Vandevander's care, i.e., events after his transfer to a different prison. Because Jones has not sought leave to amend, waited until after dispositive motions were filed, and raises claims regarding his treatment after leaving the care of the sole remaining defendant, the undersigned recommends that Dkt. #s 35 and 37 be **DENIED**.

## II.

Desmond Jones has a history of hemorrhoid complaints, in particular after Jones had surgery for hernia repair in 2000. (Exhibit B to Dkt. #32 at 000024, 000026-28, 000046.) From May 2008, through the time of his transfer to CSWC, Jones complained of hemorrhoids but

2

medical personnel observed no external bleeding and no discharge from the rectum. (Exhibit B to Dkt. #32 at 000013-23.) Jones also had a history of reporting chest pains. (Exhibit B to Dkt. #32 at 000031-32, 000034, 000037, 000038.)

Jones was transferred to CSWC on September 30, 2008, where he was examined by registered nurse, Dana Vandevander. (Exhibit A to Dkt. # 32 at ¶¶ 1, 2; Exhibit B to Dkt. #32 at 000010.) Vandevander performed a medical evaluation on Jones. (Exhibit A to Dkt. # 32 at ¶ 2.) She found that his medical problems were hypertension, obesity and internal hemorrhoids. (Exhibit A to Dkt. # 32 at ¶ 2; Exhibit B to Dkt. #32 at 000010.) Jones was on a variety of medications and was approved to be in the general population and for self-medication. (Exhibit B to Dkt. # 32 at 000010.)

On the evening of October 1, 2008, Jones complained of stabbing chest pain. (Exhibit A to Dkt. # 32 at ¶ 31; Exhibit B to Dkt. #32 at 000010.) Vandevander checked his vital signs, apical pulse and sent him to see Dr. Moore that same day. (Exhibit A to Dkt. # 32 at ¶ 3.) Dr. Moore diagnosed Jones with gastroesophageal reflux disease ("GERD") and prescribed Zantac. (Exhibit A to Dkt. # 32 at ¶ 3.) Jones resumed smoking as of the morning of October 2, 2008. (Exhibit A to Dkt. # 32 at ¶ 3; Exhibit B to Dkt. #32 at 000010.)

On October 6, 2008, Jones requested gauze. (Exhibit A to Dkt. # 32 at ¶ 5.) Vandevander asked prison personnel to find out why Jones wanted gauze. (Exhibit A to Dkt. # 32 at ¶ 5.) Jones responded that he wanted gauze due to bleeding hemorrhoids. (Exhibit A to Dkt. # 32 at ¶ 5.) In the presence of another officer, Vandevander performed a rectal examination and detected no rectal bleeding. (Exhibit A to Dkt. # 32 at ¶ 5.) She additionally noted that there was no blood on Jones' undergarments. (Exhibit A to Dkt. # 32 at ¶ 5 Exhibit B

to Dkt. #32 at 000009 .) She gave Jones a sanitary product for use. (Exhibit A to Dkt. # 32 at ¶ 5; Exhibit B to Dkt. #32 at 000009.)

Vandevander received a telephone call at home on October 12, 2008 from a Sergeant Harris. (Exhibit A to Dkt. # 32 at ¶ 6.) Plaintiff was complaining of sharp chest pains and wanted to go to the emergency room. (Exhibit A to Dkt. # 32 at ¶ 6.) Sergeant Harris had checked Jones' blood pressure twice and found it to be within normal limits. (Exhibit A to Dkt. # 32 at ¶ 6.) There was no objective evidence that Jones had suffered a heart attack. (Exhibit A to Dkt. # 32 at ¶ 6.) Vandevander responded to this emergency grievance by phone and informed Sergeant Harris that Jones had previously complained of these problems and that she had advised Jones to lose weight and stop smoking to ease his GERD symptoms. (Exhibit A to Dkt. # 32 at ¶ 6; Exhibit B to Dkt. #32 at 000009.)

Vandevander checked Jones' vital signs again on October 14, 2008. (Exhibit A to Dkt. # 32 at ¶ 7.) She found his signs, including his apical pulse, to be regular and strong. (Exhibit A to Dkt. # 32 at ¶ 7.) With an Officer Elkins present, she examined Plaintiff's hemorrhoids. (Exhibit A to Dkt. # 32 at ¶ 7.) They were not engorged and she did not observe any rectal bleeding using a digital examination. (Exhibit A to Dkt. # 32 at ¶ 7.) Vandevander offered Jones some Dibucaine ointment to apply twice a day, but Jones refused it, saying he already used the ointment. (Exhibit A to Dkt. # 32 at ¶ 7.) Jones told Vandevander that he was unable to work on a road detail because of his alleged health issues, but stated that he could work on a kitchen detail. (Exhibit A to Dkt. # 32 at ¶ 7.) Vandevander informed Jones that other inmates with more severe hemorrhoids worked on the road detail without any great difficulty. (Exhibit

A to Dkt. # 32 at ¶ 7; Exhibit B to Dkt. #32 at 000008-9.) She again advised Jones to lose weight, quit smoking and utilize his medications. (Exhibit A to Dkt. # 32 at ¶ 7.)

The next day, on October 15, 2008, Vandevander again found Jones' vital signs to be normal. (Exhibit A to Dkt. # 32 at ¶ 8; Exhibit B to Dkt. #32 at 000008.) Jones was moved to a separate portion of the jail because he refused to work. (Exhibit A to Dkt. # 32 at ¶ 8; Exhibit B to Dkt. #32 at 000008.) Jones' medications were moved with him. (Exhibit A to Dkt. # 32 at ¶ 8.) Vandevander spoke with Jones that afternoon, informing him that he would need to request his medications at appropriate times. (Exhibit A to Dkt. # 32 at ¶ 8; Exhibit B to Dkt. #32 at 000007.)

Jones made no medical complaints from October 16-17, 2008. (Exhibit A to Dkt. # 32 at ¶ 9.) Vandevander made contact with Jones on October 21, 2008 to respond to a question regarding a co-pay. (Exhibit A to Dkt. # 32 at ¶ 10.) She ordered medication for him on October 23, 2008. (Exhibit A to Dkt. # 32 at ¶ 11.)

On October 28, 2008, Vandevander collected Jones' medication and sent it with him to Pocahontas State Correctional Center. (Exhibit A to Dkt. # 32 at ¶ 12; Exhibit B to Dkt. #32 at 000007.) She alerted Jones' new institution that Jones had internal hemorrhoids without bleeding, that he suffered from obesity and that he was a smoker. (Exhibit B to Dkt. #32 at 000006.)

### III.

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." In considering a motion for summary judgment under Rule 56, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986).

*A. Eighth Amendment Claims*

The Eighth Amendment's prohibition on cruel and unusual punishment requires that prison officials not be deliberately indifferent to the "serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

To demonstrate deliberate difference, a plaintiff must establish the existence of a serious medical problem. Such a need usually involves a condition that threatens loss of life, illnesses or permanent disability. Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986) (reversing summary judgment for defendants and remanding where guards knew of serious illness of plaintiff and exhibited deliberate indifference to request for medical treatment prior to inmate's death); see Estelle v. Gamble, 429 U.S. 97, 104 (1976). Conditions or delays that cause or perpetuate pain may also show serious medical need. Sosebee, 797 F.2d at 181; Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir.1978) (quoting Estelle, 429 U.S. at 105-6).

Additionally, Jones must present facts tending to demonstrate actual knowledge or awareness of the serious medical need on the part of the named defendants. Farmer v. Brennan, 511 U.S. 825, 835-38 (1994). Merely alleging malpractice on the part of medical personnel is insufficient to state a claim under the Eighth Amendment. Estelle, 429 U.S. at 106. Similarly, mere disagreements between an inmate and medical staff as to the proper course of treatment do not state a claim upon which relief can be granted; "[q]uestions of medical treatment are not subject to judicial review." Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

In the instant case, the undisputed facts highlight that Jones cannot establish material elements of his claim of deliberate indifference. First, the evidence on the record indicates that Jones does not have a serious medical problem within the meaning of Sosebee, 797 F.2d at 191. Contra, Malik v. Ozmint, No. 8:07-387, 2008 WL 701394 *3 (D.S.C. 2008). Assuming arguendo, that Jones can establish a serious medical problem, he cannot demonstrate deliberate indifference. The record shows that nurse Vandevander and the staff of CSWC provided Jones with medical treatment. She and other medical personnel attempted to verify his subjective complaints of external bleeding and found no evidence of such bleeding. Nurse Vandevander responded promptly to Jones' complaints, investigated his claims, ensured that he understood how to get his medication by visiting his cell, and ensured that when he was transferred to another prison facility that his new facility received his medication and his medical information. Additionally, there is no indication that Jones' chest pains were more serious than GERD.

Jones has filed a variety of statements, medical records and other documents on the record.[2] Even if Jones were able to establish facts supporting the allegations in these documents,

---

[2]With the exception of Jones' verified Complaint, his documents do not meet the evidentiary standards required to create a material issue of genuine fact at summary judgment. Federal Rule of Civil Procedure 56(e)(1) provides that:

> [a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. . . .

Additionally, affidavits must be sworn or signed under penalty of perjury pursuant to 28 U.S.C. § 1746. 27A Fed.Proc. § 62:651. See e.g., Lumoa v. Potter, 351 F.Supp.2d 426, 431 (D.C. N.C. 2004). Consequently, a verified complaint, setting forth specific facts based on personal knowledge, may be treated like an affidavit at summary judgment. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

In contrast, the affidavits submitted in support of defendant's motion carry "a certificate of acknowledgment executed in the manner provided by law by a notary public or other office authorized by law to take acknowledgments" and therefore are "considered self-authenticating." Lumoa, 351 F.Supp.2d

they would not create a genuine issue of material fact. Jones complains of chest pain and claims to have experienced external bleeding. These allegations, at most, establish that Jones disagreed with his medical treatment and believed his medical conditions to be more severe than Vandevander and other medical staff concluded. Mere disagreements over treatment between prisoners and medical personnel do not meet the deliberate indifference standard. Russell, 528 F.2d at 319; see also, Carter v. Fluvana Correctional Center, No. 7:03cv00286, 2003 WL 23312789 *1-2 (W.D. Va. 2003)(dismissing as frivolous § 1983 claim for medical indifference for refusal to offer surgery for bleeding hemorrhoids). Similarly, that Jones has made similar complaints about hemorrhoids and chest pains at other times and at other institutions does not establish that his treatment at CSWC was deficient. Rather, such records only suggest a pattern of complaints, documented and responded to by health officials.[3]

Jones claims that nurse Vandevander was rude when she responded to his reports of chest pain by telling him to lose weight and by responding to his reports of rectal bleeding by providing him with a sanitary item. Quite simply, alleged rudeness or embarrassment are insufficient to evidence deliberate indifference. As a result, the undersigned recommends that defendant's Motion for Summary Judgment on the issue of deliberate indifference be

---

at 431 (citing Fed.R.Evid. 902(8)).

[3] Plaintiff alleges at various points that parts of his medical file have been withheld. He attaches two pages that purport to be from his medical file concerning treatment subsequent to nurse Vandevander's care. (Exhibits A & B attached to Dkt. # 9.) While these pages are not among the Defendant's exhibits, this absence is not material as these pages document medical complaints well after the plaintiff left CSWC. Plaintiff has provided no other documentation to suggest that the record is incomplete as to his care at CSWC. Accordingly, these claims are insufficient to create a genuine issue as to any material fact.

8

**GRANTED**. Having concluded that Vandevander was not constitutionally indifferent to Jones' medical condition, the issue of qualified immunity should be **DENIED AS MOOT**.

*B. Illegal Transfer & Retaliation Claims*

Jones' Complaint also claims that Vandevander attempted to retaliate against him because of his complaints regarding his medical treatment, and that as result he was transferred between prisons. Construing these claims broadly, Jones attempts to state causes of action for illegal retaliation and illegal prison transfer.[4]

28 U.S.C. § 1915A(b)(1) allows the court to identify and dismiss a complaint or portion of a complaint filed by a prisoner against a governmental officer or entity when the prisoner's claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." Frivolous, in the context of this provision, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)(quoting Neitzke, 490 U.S. at 327).

First, Jones claims that Vandevander retaliated against him. In order to state a retaliation claim, the "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). An inmate must present more than conclusory allegations of retaliation. Id. at 74.

---

[4]Vandevander does not address these claims in her Motion for Summary Judgment. Because these additional allegations clearly fail to state cognizable claims, the undersigned addresses them at this juncture.

Jones claims that Vandevander retaliated against him for complaining about the medical care she provided and by further depriving him of medical care. However, the undersigned has already found that Jones' medical care was not insufficient. Jones thus cannot state the elements of a retaliation claim.

Jones also alleges that deficient medical care left him unable to participate in work crews, thereby causing him to be transferred to another Virginia penal institution. This too fails to allege unconstitutional retaliation against Jones, or to stake out an independent § 1983 claim, because Jones' complaints regarding his prison transfer and conditions are insufficient to allege a Due Process or Eighth Amendment claim. "Although the Fourteenth Amendment prohibits a state from depriving a defendant of liberty without due process of law, when the defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of his sentence." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Thus:

> changes in a prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges-matters which every prisoner can anticipate are contemplated by his original sentence to prison-are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage the prisons safely and efficiently.

Id. A change in prison conditions is constitutionally suspect if it imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Wilkinson v. Austin, 545 U.S. 209, 223 (2005)(quoting Sandin v. Conner, 515 U.S. 472, 483 (1995)). Jones has not alleged that his prison conditions imposed an "atypical and significant hardship." Jones merely contends that he has been transferred between Virginia institutions. As such, he fails to state a Due Process Claim as related to his transfer. Similarly, Jones has failed to state facts

suggesting that the prison transfers resulted in confinement that violates the Eighth Amendment. Accordingly, the undersigned recommends that Jones' remaining claims be **DISMISSED**. Further, having concluded that Jones has no basis for recovery, the undersigned also recommends that Jones' plea for an injunction be **DENIED**.

## IV.

In summary, the undersigned **RECOMMENDS** that Dkt. #s 35 and 37 be construed as Motions to Amend and be **DENIED**. The undersigned further **RECOMMENDS** that defendant's Motion for Summary Judgment, Dkt. # 31, be **GRANTED** as to Vandevander's claim that she was not deliberately indifferent to Jones' medical needs, and **DENIED as MOOT** as to her claim for qualified immunity. It is **RECOMMENDED** that plaintiff's Complaint and Amended Complaint be **DISMISSED WITH PREJUDICE** and that this matter be **STRICKEN** from the active docket of the court.

The Clerk is directed to transmit the record in this case to Honorable Glen E. Conrad, United States District Judge. Plaintiff is reminded that pursuant to Rule 72(b), he is entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is directed to send copies of this Report and Recommendation to plaintiff.

Enter: This 20 day of November, 2009.

　　　　　　　　　　　　　　　　　　　　　　/s/ Michael F. Urbanski
　　　　　　　　　　　　　　　　　　　　　　Michael F. Urbanski
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge