CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 0 8 2009

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DESMOND JONES, | ) |
| Plaintiff, | ) Case No. 7:09CV00055 |
| v. | ) MEMORANDUM OPINION |
| MS. VANDEVANDER, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

This case is before the court for consideration of the Report and Recommendation submitted by the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1). Plaintiff Desmond Jones, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. §1343. The magistrate judge's report recommends granting summary judgment in favor of Defendant Dana Vandevander[1] and summarily dismissing Jones' retaliation claims and his request for injunctive relief. Jones filed timely objections to the report. Upon de novo review of the pertinent portions of the record, the court concludes that Jones' objections must be overruled, and the report shall be adopted in its entirety.

## Background

Liberally construed, the documents Plaintiff Desmond Jones has submitted present the following allegations on which his claims are based. In October 2008, while Jones was an inmate at Cold Springs Work Center ("the work center") near Greenville, Virginia, he complained several times to the defendant, Nurse Vandevander, that he was suffering pain and bleeding from previously diagnosed "internal hemorrhoids." When she examined his hemorrhoids on different occasions, she saw no bleeding; she offered him ointment and

---

[1] Plaintiff misspelled the defendant's name on the face of the complaint as "Vonder-Vander." As it is now clear from the defendant's affidavit that her name is spelled "Vandevander," the clerk will correct the spelling in the style of the case.

suppositories (which he said did not help) and a sanitary product to absorb the discharge. When Jones complained to Vandevander of chest pains, she sent him to a doctor that same day, who diagnosed the chest pains as gastric reflux disease ("GERD") and prescribed medication. When he complained again of similar pain a few days later, Vandevander advised him that his weight and his smoking aggravated his symptoms.

Jones asked Vandevander to write a medical excuse allowing Jones to miss work, but she did not do so, based on her belief that his conditions did not prevent him from working. When Jones refused to work, claiming medical reasons, officials placed him in segregation, changed his security classification and his rate for earning good conduct time, and ultimately transferred him away from the work center to a higher security facility. According to Jones, after prison authorities transferred him to Pocahontas Correctional Center ("POCC") on October 28, 2008, a doctor there allegedly told Jones that his pain was being caused by scar tissue growing in the area where he had earlier undergone a hernia repair. Jones also allegedly received different and more effective treatment for his hemorrhoidal pain and bleeding at POCC. Jones sued Vandevander under § 1983, claiming that her actions constituted deliberate indifference to his serious medical needs and retaliation, in violation of his constitutional rights.

## Discussion

### A. Medical Treatment

Ms. Vandevander moved for summary judgment as to Jones' deliberate indifference claim, and Jones responded. The court then referred the matter to the magistrate judge, pursuant to § 636(b)(1). The magistrate judge's report details the defendant's evidence regarding the month-long course of medical treatment that Jones received while at the work center. Specifically, the report finds that when Jones made a medical complaint about chest pain, he saw a doctor and received medication; when he made medical complaints about hemorrhoids, Ms. Vandevander examined him and offered medical advice and medication as she saw fit based on the symptoms she observed; and upon his transfer, she relayed his medical information to the

new institution. Therefore, the report finds that Jones offers no disputed fact on which he could persuade the fact finder that Ms. Vandevander was deliberately indifferent to his serious medical needs and, therefore, recommends granting judgment for the defendant on this claim under Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (finding that deliberate indifference to serious medical needs of prisoners constitutes an Eighth Amendment violation) (internal quotations and citations omitted).

In his objections to the magistrate judge's report, Jones repeats arguments that he made in response to the motion for summary judgment itself: that the nurse ignored records of his past medical diagnoses, that she should have done digital exams of his internal hemorrhoids, ordered stool tests, X-rays, or sent him to a specialist to discover more quickly the scar tissue that the doctor at POCC discovered, and that she could have written him a medical excuse. Jones also alleges that the nurse offered only topical treatments, despite his complaints about internal pain from his condition and that other medications would have relieved this pain. The disagreements between Jones as the patient and Ms. Vandevander as the medical professional, regarding the appropriateness of specific treatments offered, are not sufficient to support a claim of deliberate indifference.[2] Id. at 105-106 (holding that allegations of medical malpractice do not state federal claim).

Furthermore, the fact that a doctor later diagnosed scar tissue as the cause of Jones' pain and provided different treatment for his internal hemorrhoids does not disprove Ms. Vandevander's evidence that she examined and treated Jones in a manner consistent with his conditions and symptoms known to her during the month-long period while he was under her care. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) (finding that deliberate indifference requires showing that defendant subjectively knew of specific serious need and failed to take

---

[2] To the extent that Jones' allegations that Vandevander was negligent in diagnosing and treating him, he states, at most, possible claims under state law. The court declines to exercise supplemental jurisdiction over such claims, however, inasmuch as the court will grant summary judgment as to his federal claims relating to his medical treatment. See 28 U.S.C. § 1367(c).

reasonable action to alleviate it); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence did not show that doctors knew about inmate's pituitary gland tumor, failure to diagnose and treat it did not state Eighth Amendment claim even though inmate ultimately went blind). Accordingly, the court finds no ground in Jones' objections on which to reject the report's recommendation that the motion for summary judgment should be granted as to his claim that the defendant acted with deliberate indifference to his serious medical needs.

**B. Retaliation**

Ms. Vandevander's motion for summary judgment does not directly address Jones' allegations that she retaliated against him for filing complaints about her. Specifically, Jones alleges that when he filed a grievance about her actions, she delayed giving him the medical treatment that he needed. The magistrate judge's report finds that Jones fails to establish the elements of a retaliation claim, based on the finding that Ms. Vandevander was not deliberately indifferent to his medical needs, and recommends dismissal of this claim under 28 U.S.C. § 1915A(b)(1). Under this provision, the court may summarily dismiss an action filed by a prisoner against government officials at any time as frivolous or malicious or for failure to state a claim upon which relief may be granted.

To succeed on a § 1983 claim of retaliation, an inmate must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994). Conclusory allegations of retaliation may be summarily dismissed. Id. at 75.

The court agrees with the report, that Jones does not present allegations stating any claim of retaliation. His allegations are not sufficient to contradict the evidence that Ms. Vandevander neither ignored nor delayed giving him medical treatment that was appropriate in her medical judgment. As Jones fails to allege any facts to support his conclusory assertion that Vandevander

made treatment decisions based on his complaints about her, he fails to state any § 1983 claim of retaliation related to his medical treatment.

To the extent that Jones blames Ms. Vandevander for his classification changes and transfer away from the work center, his allegations also fail to support a retaliation claim. The record indicates that Ms. Vandevander refused him a medical excuse for missing work because she believed, based on her understanding of his medical problems, that he could work. Moreover, Jones alleges no facts indicating that Ms. Vandevander refused his request for a medical excuse in order to have him transferred or that she took any other action related to his reclassification or transfer. Moreover, Jones was not exercising a constitutional right when he filed complaints against the nurse. Id. at 75 (finding that inmates have no constitutional right to a prison grievance procedure). Thus, Jones' claims that Ms. Vandevander retaliated against him must be dismissed pursuant to § 1915A(b)(1) for failure to state any actionable claim under § 1983.

### C. Injunctive Relief

Finally, in his complaint and in two recent submissions, Jones complains that after his transfer, his medical problems continued to bother him at POCC and that no one will send him to a specialist; he asks for the court's help in obtaining appropriate medical treatment. The report construes Jones' two recent submissions (Dkt. Nos. 35 and 37) as motions to amend to request injunctive relief. Jones does not allege facts indicating that Ms. Vandevander has had any responsibility for his health care since his transfer in October 2008. Therefore, although the court will grant Jones' motions to amend to add a motion for injunctive relief, that motion must be dismissed as moot. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987) (finding that prisoner's claim for injunctive relief cannot survive his transfer to new prison facility).

### Conclusion

For the stated reasons, the court concludes that the report and recommendation must be adopted as to its discussion of Jones' medical claims and that the defendant's motion for

summary judgment must be granted as to these claims. The court will also summarily dismiss plaintiff's claims of retaliation, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Finally, the court will grant plaintiff's motions to amend to state a claim for injunctive relief, but this claim must be dismissed as moot. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant.

ENTER: This 7th day of December, 2009.

*/s/ Jackson L. Kiser*
United States District Judge